IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-50089
Summary Calendar
_____


MYRTLE KELLY,

                                    Plaintiff-Appellant,

          v.

PAYLESS SHOE SOURCE, ET AL,

                                    Defendants,

PAYLESS SHOE SOURCE,

                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
(SA-94-CV-289)
_____

August 19, 1998

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

     Plaintiff-appellant Myrtle Kelly appeals the district

court's grant of summary judgment to her employer, Payless Shoe

Source, on her Title VII sex-discrimination claims for sexual

harassment and retaliation, and on her claims for negligent

retention and supervision and invasion of privacy.  We affirm.

_____

     [*]Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIRCUIT
RULE 47.5.4.

Rule 28 of the Federal Rules of Appellate Procedure requires that the brief present the contentions of the appellant with respect to the issues with reasons and citations to authorities. See FED. R. APP. P. 28(a). In her brief, Kelly describes only her complaints about her appointed counsel, and she only challenges the substance of the district court's decision by incorporating by reference two filings she made in the district court, Plaintiff's Response to Defendant's Motion for Summary Judgment and Plaintiff's Objections to the Report and Recommendation of the United States Magistrate Judge. These issues are not adequately briefed, and we therefore decline to address them. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993) (declining to consider arguments in other pleadings that the pro se appellant attempted to incorporate by reference).

In addition to the incorporated arguments, Kelly contends that her appointed counsel was trying to get a job with the defendants' law firm and thus provided her with less than adequate representation in the district court. She complains that (1) he did not present all the evidence available, including evidence that she specifically requested him to present to the court; (2) he failed to take depositions of important witnesses after agreeing to do so; (3) he failed to ask her any questions on the record at her deposition; and (4) he signed a stipulation of dismissal with prejudice of defendant May Department Stores without her consent. These issues were not raised below, and generally, we will not consider on appeal matters not presented

2

to the lower court.  See <u>Quenzer v. United States (In re</u> <u>Quenzer)</u>, 19 F.3d 163, 165 (5th Cir. 1993).  Additionally, these issues are unlikely to provide a basis for reversal.

For the foregoing reasons, we AFFIRM the district court's judgment.